

August 5, 2022

Hon. LaShann DeArcy Hall, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

    Re:    Case No. 22-cv-257, <u>Sulkowska v. County of Suffolk</u>.

Dear Judge DeArcy Hall:

    My firm represents the Plaintiff, individually and as the proposed administrator of her late son's estate, in the case named above. Prior to this case being assigned to Your Honor, Judge Hurly granted a consent motion to stay this matter pending the appointment of Plaintiff (or someone else) as the administrator of the decedent's estate. *See* Dkt. No. 9. As directed by Judge Hurley, I write jointly with Defendants to provide a brief status update. *Id.*

    As the Court likely knows, estates can take a very long time to establish when a person, like the decedent here, dies intestate. Given the efforts below, we ask that the Court continue the stay granted by Judge Hurley.

    By way of background, the first step here was determining the appropriate place to establish the estate. Mr. Sulkowski spent time in both Brooklyn and Long Island. And while his death certificate listed Brooklyn as his last known address, all concerned believe he was *in fact* living in Long Island at the time of his death. We have now resolved this and intend to establish the estate through the Kings County Surrogate's Court.

    Next, because of the issues with several minor children being potential distributees, there remains an open question of whether Mrs. Sulkowska or the Public Administrator ought to administer the estate. In our firm's experience, the Surrogate often prefers the PA in situations like this one. Many Surrogate's Courts prefer the PA to sign on to the application — and thus ask the parties to contact the PA before filing. We first reached out to the PA in February and followed up many times by phone and email. Ultimately, we received a response in late July. Unlike some other PAs' offices, the Kings County PA would prefer to see the Surrogate's Court reject the application with a private administrator before they consent to the citation.

    Finally, contact with various members of the family has been difficult, and we have had trouble even securing any address for some necessary parties to the estate (and without an address, it is not possible to file). However, on this front, in the past few weeks, we have made substantial progress and been able to communicate. That said, one major roadblock remains: the Decedent's ex-wife will



need to be appointed as the guardian of her and Mr. Sulkowsi's 11-year-old twins' property. But because ACS is involved, that is likely to take at approximately 6 months.

    We are hopeful that we will be able to get this case moving soon, and thank the Court for its indulgence in the meantime. Given all of the above, we would ask the Court to keep the stay in place on the same terms Judge Hurley set, with a second status report to be filed on or before June 1, 2023.

    We thank the Court for its time and consideration.

                                            Respectfully submitted,

                                            /s/
                                      _____

                                      J. Remy Green
                                        *Honorific/Pronouns: Mx., they/their/them*
                                      **COHEN&GREEN P.L.L.C.**
                                      *Attorneys for Plaintiff*
                                      1639 Centre St., Suite 216
                                      Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com