

January 8, 2024

Hon. LaShann DeArcy Hall, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

  Re: Case No. 22-cv-257, <u>Sulkowska v. County of Suffolk</u>.

Dear Judge DeArcy Hall:

  My firm represents the Plaintiff, individually and as the proposed administrator of her late son's estate, in the case named above. Your Honor previously granted a joint request to stay this matter pending the appointment of Plaintiff (or someone else) as the administrator of the decedent's estate. *See* June 22, 2023 Minute Order. As directed, I write to provide a brief status update.

  As the Court likely knows, estates can take a very long time to establish. And that is even more true when a person, like the decedent here, dies intestate with both minority-aged and non-marital children. Even more so beyond that when those children live in different states and are not on the best terms. Given the efforts detailed below, we ask that the Court continue the stay.

  By way of background, Plaintiff's counsel has been pursuing three different matters on behalf of the estate: appointing an administrator for the estate, appointing a guardian for the children's property, and a Freedom of Information Law ("FOIL") case. With respect to the estate procedure, progress is held up by the guardianship (more on that below), but progress has also been complicated by recent and ongoing developments with Plaintiff's health. She is evaluating with her doctors whether her health is in such a state that would preclude her from serving as an administrator. If this is the case, we will need to contact the family members who have signed paperwork already and re-do those documents to name a different proposed administrator — documents that took months to collect, given the issues identified above. We could, of course, physically file the petition without the guardianship and related documents and knowing we would need to move to change the administrator. However, our prior experience has been that approach will slow things down more, as the Surrogates Court will reject that filing some months from now, and we would need to re-collect all the signatures once again.

  As noted above, establishing an estate is also gated by setting up a guardianship. On that front, contact with various members of the family has been difficult, and we have had trouble securing someone to agree to be the guardian of the decedent's children's property. As the Court may recall from our previous status letter, the decedent has two twins who live in Florida with their mother.



Since they are under 18 years of age, a guardian of their property must be appointed, and Florida estate law requires that this filing is done by a Florida-barred attorney.

My firm hired an estate attorney in Florida for the guardianship process many months ago, with the firm ultimately assuming responsibility for these costs. Unfortunately, despite initial cooperation, the twins' mother and their adult-aged brother have gone back and forth on their decision to sign on as the appointed guardian, and have — despite receiving effectively free legal services — not exactly been communicative. However, recently, the twins' mother has made clear her intention to sign the paperwork, though only in the past week or so provided her contact information. With this taken care of, this roadblock should finally be out of the way.

Finally, together with co-counsel Gideon Orion Oliver, we are pursuing a Freedom of Information Law action in this case. Unfortunately, while all parties expressed some optimism that if relevant documents came out of that process a sort of pre-"Official Settlement Discussions" settlement discussion could take place. Unfortunately, the lower court denied the FOIL, and that decision is currently on appeal. So, without having access to additional materials, whether received via FOIL or by Defendants voluntarily turning records over to discuss potential settlement, those discussions must wait.

We are continuing to hope that we will be able to keep this case moving forward, and continue to thank the Court for its indulgence in the meantime. Given all of the above, we would ask the Court to keep the stay in place on the same terms previously set, with another status report to be filed on or before July 1, 2024.

We thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

COHEN&GREEN    Page 2 of 2

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com